PROB 12C  
(06/17)

February 17, 2022  
pacts id: 6460481

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Joe Jenson Beyam (English)    **Dkt. No.:** 20CR00660-001-GPC

**Reg. No.:** 92684-298

**Name of Sentencing Judicial Officer:** The Honorable Gonzalo P. Curiel, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a class C felony.

**Date of Revocation Sentence:** July 28, 2021

**Sentence:** 4 months' custody; 30 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised release    **Date Supervision Commenced:** October 28, 2021

**Asst. U.S. Atty.:** Matthew Brehm    **Defense Counsel:**   Keith Rutman  
(Appointed)  
(619) 237-9072

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On October 30, 2021, Mr. Beyam used a controlled substance, marijuana, as evidenced by his written admissions to the probation officer on November 10, 2021.<br><br>2. On November 2, 2021, Mr. Beyam used a controlled substance, Fentanyl, as evidenced by his written admissions to the probation officer on November 10, 2021.<br><br>3. On or about November 10, 2021, Mr. Beyam used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office, which confirmed positive for fentanyl and norfentanyl. |

PROB12(C)

| | |
|---|---|
| Name of Offender: Joe Jenson Beyam | February 17, 2022 |
| Docket No.: 20CR00660-001-GPC | Page 2 |

***Grounds for Revocation:*** As to Allegations 1 through 3, on November 10, 2021, Mr. Beyam reported to the U.S. Probation Office for his initial appointment. During this meeting, the probation officer became aware via a records check, that paramedics had been called out to Mr. Beyam's residence on November 2, 2021, because he was found unresponsive. While questioning Mr. Beyam about the incident, he admitted he had overdosed on fentanyl that date. He additionally admitted to the probation officer to using marijuana on October 30, 2021. Mr. Beyam proceeded to sign written admission forms in formal acknowledgement of his drug use. Mr. Beyam submitted a sample of his urine on November 10, 2021, for drug analysis that subsequently confirmed positive for fentanyl, indicating further use of the substance after the November 2, 2021, date. Due to his lack of reporting, this positive drug test has not yet been discussed with Mr. Beyam.

**(Standard Condition)**
The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

4. On or about January 31, 2021, Mr. Beyam changed his place of residence and to date, has failed to notify the probation officer of his change in residence, as required.

***Grounds for Revocation:*** As to Allegation 4, on February 2, 2022, the probation officer called Mr. Beyam's father's cellular number and spoke to Mr. Beyam's mother who picked up the call. Mr. Beyam's mother agreed to ensure Mr. Beyam received the message from the probation officer that he is to report, and she agreed to transport him to the probation office on February 3, 2022, to meet with the probation officer.

On February 3, 2022, Mr. Beyam's father called the probation officer to advise Mr. Beyam would not be reporting for supervision as directed. He indicated the family has been unable to locate Mr. Beyam and therefore, he did not receive the message to report to this officer this date. He advised Mr. Beyam went to work on January 31, 2022 and failed to return home thereafter. The family has not seen or had contact with Mr. Beyam since then and their attempts to contact him via telephone and social media produced no results. Mr. Beyam has not stayed at the family residence since January 31, 2022. Mr. Beyam failed to notify the probation officer of his change of residence within 72 hours as required.

**(Standard Condition)**
The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

5. On January 12, 2022, Mr. Beyam was found in possession of a dangerous weapon, a medium size, silver knife and a large, machete-type knife, as evidenced by his verbal admission to the probation officer on January 13, 2022.

PROB12(C)
Name of Offender: Joe Jenson Beyam                                        February 17, 2022
Docket No.: 20CR00660-001-GPC                                                      Page 3

***Grounds for Revocation:*** As to Allegation 5, on January 12, 2022, the probation officer visited Mr. Beyam's home for a scheduled home contact, but he was not at home as previously directed by the probation officer. Mr. Beyam's parents indicated Mr. Beyam went to work earlier in the day but was not feeling well and he summoned his girlfriend to pick him up at his work site. After waiting for several minutes, the probation officer asked Mr. Beyam's father if he objected to a home inspection conducted by the probation officer. He had no objections and toured the probation officer through his home.

While Mr. Beyam's father was showing the probation officer Mr. Beyam's room, the probation officer observed a medium size, silver knife and a large, machete-type knife laying on top of a cabinet, in plain view. The probation officer brought attention to both knives, and Mr. Beyam's father indicated both knives belonged to Mr. Beyam. He requested the probation officer take possession of both knives and confiscate them from Mr. Beyam. He confirmed the room was Mr. Beyam's quarters and the probation officer observed his clothing and other personal belongings in the room. The probation officer seized both knives and placed both items into the evidence room at the probation office.

On January 13, 2022, Mr. Beyam called the probation officer, and he was notified of the knives found in his room and that the probation officer had seized the items. Mr. Beyam acknowledged ownership of both knives and indicated he possessed the knives for personal protection in case someone broke into the family home.

**(Standard Condition)**
The defendant must report to the probation officer in a manner and frequency directed by the court or probation officer.

6. Mr. Beyam failed to report to the U.S. Probation Office on December 13, 2021 and failed make himself available for the probation officer at his residence on January 12, 2022, as directed.

***Grounds for Revocation:*** As to Allegation 6, on December 8, 2021, the probation officer contacted Mr. Beyam by telephone and directed him to report in-person, to the U.S. Probation Office in El Centro, California on December 13, 2021, at 3:00 p.m., for further supervision instructions. However, Mr. Beyam failed to report for supervision as directed.

Thereafter, after multiple attempts to contact Mr. Beyam at home with no success, the probation officer contacted him via telephone on January 11, 2022, and scheduled for him to be home on January 12, 2022, at 3:00 p.m. for a home inspection. However, Mr. Beyam was not at his residence when this officer arrived, as instructed by the probation officer.

**(Standard Condition)**
If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

7. Mr. Beyam was contacted and questioned by the Brawley Police Department, on February 4, 2022, and he failed to notify the probation officer of the law enforcement contact within 72 hours, as required.

***Grounds for Revocation:*** As to Allegation 7, on February 4, 2022, a convenience store clerk summoned police to the store's parking lot after the clerk observed a male subject vandalizing a vehicle with a hammer. Officers from the Brawley Police Department responded to the location and contacted Mr. Beyam. Officers questioned Mr. Beyam and determined the vandalized vehicle belonged to Mr. Beyam's mother and that he had permission from her to posses and drive the vehicle. Therefore, officers determined there was nothing to investigate further at that time and allowed Mr. Beyam to leave the area. Mr. Beyam's parents were summoned by police to tow

PROB12(C)
Name of Offender: Joe Jenson Beyam                                                   February 17, 2022
Docket No.: 20CR00660-001-GPC                                                                    Page 4

away the damaged vehicle. Mr. Beyam failed to report the law enforcement encounter to the probation officer within 72 hours as required.

| | |
|---|---|
| **(Special Condition)** Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. | 8. Mr. Beyam failed to participate in a substance abuse treatment program, at Imperial County Behavioral Health Services (ICBHS), as instructed by the probation officer. |

***Grounds for Revocation:*** As to Allegation 8, on November 10, 2021, during Mr. Beyam's initial office visit with probation, he was instructed by the probation officer to contact ICBHS, and enroll into their adult drug treatment program, to address his admission of smoking marijuana since his release from custody, and his overdose on fentanyl the prior week. On February 17, 2022, the probation officer contacted ICBHS to verify his enrollment, which they reported they have no record of Mr. Beyam in their system.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Beyam commenced his term of supervised release on October 28, 2021, following his release from custody as a result of a revocation of supervision where he received a minimal custodial term and supervised release. At the onset of supervision, Mr. Beyam reported to the probation office for his initial interview. Thereafter, he became difficult to locate and he missed multiple office appointments.

Mr. Beyam has continued to struggle with using illicit substances since his initial placement on supervision. Additionally, he has failed to cooperate with treatment programs, and reporting to the probation officer. His current violations, as noted above, are similar to the previous petition filed in this matter. Of serious concern is his reported overdose on fentanyl within days of his release from custody. During the initial interview, Mr. Beyam was again referred to outpatient drug treatment to address his substance abuse problem. However, he never contacted the treatment program to initiate treatment services, and he has maintained minimal contact with this officer since his release.

Mr. Beyam reported that in early December 2022, he commenced employment in the agricultural industry and his family confirmed the information. However, Mr. Beyam failed to provide the probation officer with verification of his employment. Most recently, Mr. Beyam's family reported he left the family home and has not returned since January 31, 2022. He has also failed to return messages from the probation officer and his current whereabouts is unknown.

PROB12(C)
| | |
|---|---|
| Name of Offender: Joe Jenson Beyam | February 17, 2022 |
| Docket No.: 20CR00660-001-GPC | Page 5 |

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Beyam is 20-years old, single and last reported residing with his parents in Brawley, California. The instant offense is Mr. Beyam's first conviction, but he has been previously arrested for shoplifting, possession of a stolen vehicle, public intoxication, and possession of ammunition. Mr. Beyam has a prior history of alcohol abuse as well as marijuana, methamphetamine and most recently fentanyl.

In December 2021, Mr. Beyam reported working in the seasonal agricultural industry and his parents verified he was working in that industry. However, Mr. Beyam did not provide verification of employment to the probation officer.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, change of residence without notification, failure to report for supervision as instructed, failure to report law enforcement contact, possession of dangerous weapon, and failure to attend drug treatment), constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>32 months'</u> supervised release, less any term of imprisonment imposed upon revocation. The court has previously imposed an aggregate of 4 months' custody in this case. 18 U.S.C. § 3583(b).

PROB12(C)

| | |
|---|---|
| Name of Offender: Joe Jenson Beyam | February 17, 2022 |
| Docket No.: 20CR00660-001-GPC | Page 6 |

## JUSTIFICATION FOR BENCH WARRANT

Mr. Beyam has again relapsed into drug use, including the very dangerous drug, fentanyl. He has changed his place of residence, has had contact with law enforcement for vandalizing his mother's vehicle, and is now unavailable for the supervision process. In order to protect the community and ensure Mr. Beyam's presence before the court, the issuance of a warrant for his arrest appears necessary.

## RECOMMENDATION/JUSTIFICATION

Mr. Beyam has demonstrated minimal to no effort in complying with the conditions of supervision and the instructions of the probation officer. He is young and appears to approach his supervision with immaturity and has again relapsed into illicit substance abuse. Mr. Beyam was referred to drug treatment services to address his drug problem, but he appears uninterested in treatment.

Therefore, should Mr. Beyam be found in violation as alleged, it is respectfully recommended that his term of supervised release be revoked and he be sentenced to the mid-range of imprisonment, 6 months' custody, followed by a two-year term of supervised release under the conditions of supervision previously imposed. It is hoped that with a minimal custodial sentence, Mr. Beyam gets the opportunity to reassess his priorities and be inclined to participate in substance abuse treatment upon his release.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: February 17, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _[signature]_
Pascual Linarez
U.S. Probation officer
(760) 339-4202

Reviewed and approved:

_[signature]_
Paula D. Burke
Supervisory U.S. Probation Officer

PROB12CW                                                                                                    February 17, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Beyam, Joe Jenson

2. **Docket No. (Year-Sequence-Defendant No.):** 20CR00660-001-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| **Violations** | **Grade** |
|---|---|
| Use of a controlled substance | C |
| Change of residence without notification | C |
| Possession of a dangerous weapon | C |
| Failure to report law enforcement contact | C |
| Failure to report for supervision as directed | C |
| Failure to participate in drug treatment | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))           [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                 [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

|  |  |  |  |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine ($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

Name of Offender: Joe Jenson Beyam  
Docket No.: 20CR00660-001-GPC

February 17, 2022  
Page 8

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ OTHER _____

_____

_____

_____  
The Honorable Gonzalo P. Curiel  
U.S. District Judge

02/18/22  
Date